**ALLIED FINANCE COMPANY et al.,**
Appellants,

v.

**J. W. BUTAUD et ux., Appellees.**

No. 6494.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 26, 1961.

Locke, Purnell, Boren, Laney & Neely, Dallas, for appellants.

Arthur N. Bishop, Jr., Dallas, for appellees.

PER CURIAM.

█ This is an appeal by the Allied Finance Company et al., from an order of the trial court overruling its plea of privilege to be sued in Dallas County. There is no statement of facts, and no findings of fact or conclusions of law either separately or in the order overruling the plea of privilege. In their brief appellants assert there was no evidence introduced by either party on the hearing of this plea in the trial court, and this statement is not challenged by appellees. Therefore, under Rule 419, Texas Rules of Civil Procedure, we may accept this statement as true. In addition, it may be said that counsel for appellees in the oral argument before this court stated he did not know whether there was

any evidence offered, because he was not present at the time set for the hearing before the trial court. In this situation, we accept as true that no evidence was heard by the trial court.

Appellees relied upon Sections 9, 9a and 23 of Article 1995, Vernon's Ann. Civ.St., in their controverting affidavit to sustain venue in Jefferson County. The law is well settled that where a plea of privilege is filed, a plaintiff has the burden of establishing the venue facts. Hollis v. Boone, Tex.Civ.App., 315 S.W.2d 350. The burden was on appellees as plaintiffs to make proof of such facts as would hold venue in the county where the action was brought. Harris v. Ashland Oil & Refining Co., Tex.Civ.App., 315 S.W.2d 317. They had the burden of pleading as well as proving a cause of action. Lone Star Gas Co. v. Martin Linen Supply Co., Tex.Civ.App., 301 S.W.2d 243. The authorities are all in accord, and no useful purpose would be served by further citation. Appellees having failed to make any proof, did not discharge the burden resting upon them.

The judgment of the trial court is reversed and we order this case transferred to Dallas County.