HOWELL PETROLEUM CORPORA-
TION (J.M. Huber Corporation, et
al), Appellant,

v.

Kathleen Jane Bohannon KRAMER,
Appellee.

No. 13–82–260–CV.

Court of Appeals of Texas,
Corpus Christi.

Jan. 6, 1983.

Maurice E. Amidei, Houston, for appellant.

Rita Beth Whatley, McAllen, for appellee.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

## OPINION

UTTER, Justice.

At issue in this case is venue in a declaratory judgment action initiated by appellee against appellant and others to have her rights under the granting clause of a trust instrument, various conveyances and mineral leases construed. Suit was filed in Hidalgo County. Appellant, a Delaware corporation licensed to do business in the State of Texas, filed its plea of privilege to have venue transferred to Harris County, the county of its principal place of business in this State. Appellee filed her controverting plea in which she asserted that venue was proper in Hidalgo County pursuant to Tex. Rev.Civ.Stat.Ann. Art. 1995, Subdivisions 14 and 29a.

A hearing in the trial court was set, and notice thereof given to appellant. Appellant made no appearance at the hearing, at which time the trial court granted appellee's motion to dismiss the plea of privilege.

Initial attention will be paid to appellee's contention that the trial court acted correctly in dismissing appellant's plea of privilege. The trial court's order reads as follows:

On July 9, 1982, the cause was set for hearing on defendant Howell Petroleum Corporation's Plea of Privilege to be sued in Harris County, Texas.

All parties were duly notified of the setting. Defendant Howell Petroleum Corporation, the Movant, failed to appear and be heard. Plaintiff Kathleen Jane Bohannon Kramer appeared by her attorney.

Plaintiff moved this Court for an order of dismissal of the Plea of Privilege.

Therefore, it is ORDERED that defendant Howell Petroleum Corporation's Plea of Privilege be dismissed.

It is thus apparent that the trial court considered no evidence in acting upon appellant's plea of privilege; rather, the plea was dismissed only because appellant failed to appear at the hearing. We hold that this was reversible error.

When a plea of privilege is filed by a defendant, the burden of proving the essential venue facts to bring the cause of action within one of the exceptions listed in Article 1995 is placed upon the plaintiff.

*Collins v. F.M. Equipment Co.,* 162 Tex. 423, 347 S.W.2d 575 (Tex.1961); *Allied Finance Co. v. Butaud,* 350 S.W.2d 958 (Tex.Civ.App. —Beaumont 1961, no writ). If the plaintiff does not present evidence, that burden has not been discharged, and the cause should be transferred in accordance with the plea. *Allied Finance Co. v. Butaud, supra.* And even if neither the defendant nor its attorney is present when the plea comes on to be heard, the trial court is not authorized to summarily overrule it without hearing any evidence. *Alamo Express, Inc. v. Stansell,* 445 S.W.2d 222 (Tex.Civ.App.—San Antonio 1969, no writ). Nor will the non-appearance of the defendant constitute a waiver of the plea of privilege. *Rosenthal v. Short,* 582 S.W.2d 214 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ dism'd).

Under the Texas Rules of Civil Procedure a defendant's failure to appear does not necessarily vest in the trial court the discretion to dismiss an action. In the case of *Boothe v. Durrett,* 343 S.W.2d 553 (Tex.Civ. App.—1961 Amarillo, writ ref'd n.r.e.) neither the defendant nor his attorney appeared at a pretrial hearing. Even though the defendants had demanded a jury trial, the trial court on its own motion dismissed a cross-action filed by the defendants, heard testimony, and rendered judgment for appellees. The appellate court held that the trial court abused its discretion by denying appellant the valuable and guaranteed right to the jury trial it had demanded. In the case before us appellant was denied the valuable right to have appellee prove that Hidalgo County was the proper county for venue of this cause of action.

In its first and second points of error, appellant also contends that the evidence is insufficient to support venue under either of the two exceptions pled. We agree.

■ At a venue hearing, the plaintiff has the burden to prove its venue facts by affirmative extrinsic evidence. *Temple-Eastex, Incorporated v. C & S Wholesale & Retail Lumber Co.,* 601 S.W.2d 531 (Tex. Civ.App.—Tyler 1980, writ dism'd); *Key v. Davis,* 554 S.W.2d 60 (Tex.Civ.App.— Amarillo 1977, no writ).

■ Therefore, in determining the sufficiency of the evidence, this Court will consider only the *admitted* evidence and the reasonable inferences therefrom. *Merbitz v. Great National Life Insurance Co.,* 599 S.W.2d 655 (Tex.Civ.App.—Texarkana 1980, writ ref'd n.r.e.) (emphasis supplied).

■ Appellee claims that she sustained her burden of proving venue facts because the trial court "had before it all the pleadings and documents necessary to justify its action." Under Rule 59 of the Texas Rules of Civil Procedure, it is permissible to attach to a pleading those instruments sued upon and incorporate them therein; however, they will not be considered as evidence unless they are offered and introduced. *Wilson v. Williamson,* 586 S.W.2d 148 (Tex. Civ.App.—Houston [1st Dist.] 1979, no writ); *Maberry v. First National Bank of Littlefield,* 351 S.W.2d 96 (Tex.Civ.App.— Amarillo 1961, no writ). Appellee failed to offer such instruments into evidence.

■ The record before this Court is absent of any evidence to prove the necessary venue facts. We conclude that since the trial court was in error in dismissing the plea of privilege and the case was not fully developed, we hold that in the interest of justice the plea of privilege should be reinstated. *Jackson v. Hall,* 147 Tex. 458, 214 S.W.2d 458 (Tex.1948).

■ By reason of the delay caused by appellant's failure to appear when the case was set for hearing in the trial court, this appeal has unnecessarily delayed the trial of the case on the merits. Accordingly, fifty percent (50%) of the costs are assessed against the appellant. Rule 448, Tex.R. Civ.P.

The Order dismissing appellant's plea of privilege is REVERSED, the plea of privilege is reinstated, and the cause is REMANDED for trial.