CHALLENGE TRANSPORTATION, INC., et al., Appellants,

v.

J-GEM TRANSPORTATION, INC., Appellee.

No. C14–85–942–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 31, 1986.

Rehearing Denied Sept. 11, 1986.

Earl Rutledge, Hurst, for appellants.

Stephen P. Wright, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

JUNELL, Justice.

Challenge Transportation, Inc. and Barney Schulz appeal a judgment in a suit under the Texas Deceptive Trade Practices Act (DTPA) in favor of J–Gem Transportation Inc. for the amount of $8,600 plus attorney's fees.

In three points of error, appellants allege the trial court erred in rendering judgment for the plaintiff because (1) written notice was not given as required by section 17.50 of the DTPA; (2) J–Gem failed to prove it was a consumer under the DTPA; and (3) J–Gem failed to prove breach of an oral or written contract and waived all other alleged causes of action by electing to seek judgment only on its DTPA cause of action. We affirm.

J–Gem entered into an agreement to lease three tractor trailers from Barshu, Inc., a corporation owned and operated by appellant Schulz. J–Gem needed the trailers to move freight from California to Louisiana. Under the lease, J–Gem was to pay $5,700 for use of the three trailers. The leased trucks waited about a week in California before J–Gem's freight was loaded. When the leased trucks reached Jefferson, Texas, Schulz informed J–Gem that delivery would not be made until J–Gem paid a $3,300 "detention" fee. Having a deadline to meet in Louisiana, J–Gem could not afford a delay and paid the detention fee. At Schulz's instruction, the money was paid into Challenge Transportation's account.

The printed lease form states it is a single trip, 30–day lease. The lease lists Barshu, Inc. as the owner of the leased trucks; Challenge Transportation, Inc.'s name does not appear on the lease. At trial, appellant Barney Schulz testified that he was the president of both Challenge Transportation, Inc. and Barshu, Inc., that the companies have the same officers, some of the same stockholders, and share offices and phones, and that he owns 97% of Challenge Transportation, Inc.'s stock. Challenge's sole asset was its Interstate Commerce Commission permit. Barshu, Inc. owned the vehicles leased to J–Gem. Shulz testified he·instructed J–Gem to pay the $3,300 detention fee to Challenge's account even though no agreement existed between Challenge and J–Gem.

In the first point of error, appellant claims the court erred in rendering judgment for J–Gem because J–Gem failed to plead and prove it sent a written demand letter thirty days before filing suit as required by section 17.50A, Tex.Bus. & Com. Code Ann.

 Appellants did not specially except to appellee's pleadings for failure to plead appellee gave the 17.50A notice. Appellants did not in any way bring to the trial court's attention the failure of appellee to either plead or prove appellee gave the required notice. For this reason appellants have waived and failed to preserve any error. They cannot raise these matters for the first time in the appellate court. *Silva v. Porowski*, 695 S.W.2d 766 (Tex.App.—El Paso 1985, writ ref'd n.r.e.); *Pool Company v. Salt Grass Exploration*, 681 S.W.2d 216 (Tex.App.—Houston [14th Dist.] 1984, no writ); *Brown Foundation Repair and Consulting, Inc. v. Donald R. McGuire*, 711 S.W.2d 349 (Tex.App.—Dallas 1986, no writ).

Appellant's second point of error contends J–Gem was not entitled to judgment because it failed to prove it was a consumer as defined by section 17.45(4) of the DTPA.

Section 17.45(4), Tex.Bus. & Com.Code Ann., excludes businesses with assets of or owned by a corporation with assets of $25 million or more from the definition of "consumer" under the DTPA. Appellants claim J–Gem had to plead and prove it did not fall within the excluded category of businesses to recover under the DTPA.

 J–Gem pled and proved by undisputed evidence that it was a corporation which had acquired services by lease; in so doing J–Gem satisfied its burden of proof regarding its status as a consumer. J–Gem was not required to prove a negative by showing it did not fall within the exception. Appellants had the burden of proving the affirmative defense that J–Gem fell within the category of excepted businesses. Appellants' second point of error is overruled.

Appellants' third point of error claims J–Gem was not entitled to judgment because it did not prove breach of an oral or written contract and because it waived all other causes of action by seeking judgment under its DTPA causes of action.

Since we have held the trial court did not err in rendering judgment for appellee on the DTPA claim, it is immaterial whether appellee proved a separate cause of action for breach of contract. Therefore, appellants' third point of error is overruled.

The judgment of the trial court is affirmed.