**Carl E. ECKMAN, Jr., James E. Nicholson, M.D., and Gary Hutchinson, M.D., Appellants,**

v.

**CENTENNIAL SAVINGS BANK, Appellee.**

**No. 05–86–01181–CV.**

Court of Appeals of Texas, Dallas.

Dec. 11, 1987.

Rehearing Denied Jan. 21, 1988.

**827**

Hill, Heard, Oneal, Gilstrap & Goetz, Shane Goetz (on appeal only), Arlington, for appellants.

Michael Lowenberg, Kathleen M. La-Valle, Dallas, for appellee.

Before WHITHAM, ROWE and McCRAW, JJ.

McCRAW, Justice.

Carl E. Eckman, Jr., James E. Nicholson, M.D., and Gary Hutchinson, M.D., (appellants) appeal the trial court's granting of a judgment notwithstanding the verdict in favor of Centennial Savings Bank (Centennial) in a suit brought under the Texas Deceptive Trade Practices Act (DTPA). TEX.BUS. & COM.CODE ANN. sec. 17.45 (Vernon Supp.1987).

In three points of error, appellants urge that the trial court erred in rendering the judgment n.o.v. because: (1) they were "consumers" under the DTPA; (2) the DTPA notice requirement was conclusively established; and (3) the jury verdict was supported by the evidence. We disagree, because the appellants failed to prove their DTPA business consumer status. Since this ruling is dispositive of the appeal, accordingly, we affirm.

The appellants and Kenneth Jackson formed the Gaslight Joint Venture for the specific purpose of building 160 apartment units. Centennial agreed to fund this joint venture in the same manner it funded a previous project of appellants. The interim loan closed on June 28, 1984, at which time the first draw of $158,000 was disbursed to the joint venture, of which $54,000 was returned to Centennial as a loan commitment fee. Thereafter, Centennial refused to make further disbursements, claiming that the appellants no longer met stability requirements. The appellants, in their individual capacities, filed a breach of contract action against Centennial. Appellants' pleadings were later amended to pursue a DTPA claim.

In their first point of error, appellants claim the court erred, as a matter of law, in granting Centennial's motion for judgment n.o.v. Appellants specifically alleged in their trial pleading that "they are business consumers within the meaning of Section 17.45(4)(10), Texas Deceptive Trade Practices–Consumer Protection Act, and sought to acquire goods or services during the course of the transaction".

The definition of a consumer, as set forth in sec. 17.45(4) is:

An individual, partnership, corporation, this state, or a subdivision or agency of this state who seeks or acquires by purchase or lease, any goods or services, *except, that the term does not include a business consumer that has assets of $25 million or more,* or that is owned or controlled by a corporation or entity owned or controlled by a corporation or entity with assets of $25 million or more.

TEX.BUS. & COM.CODE ANN. sec. 17.-45(4) (Vernon Supp.1987) (emphasis added). Thus, business consumers with assets of $25 million or more may not recover under the Act. A "business consumer" is defined to include: an individual, partnership, or corporation who seeks or acquires by purchase or lease, any goods or services for commercial or business use. TEX.BUS. & COM.CODE ANN. sec. 17.45(10) (Vernon Supp.1987).

In reviewing the entry of a judgment n.o.v., the appellate court must consider the evidence in the light most favorable to the party against whom the judgment was rendered, and every reasonable inference must be indulged in that party's favor. *Dowling v. NADW Marketing, Inc.,* 631 S.W.2d 726, 728 (Tex.1982). Centennial closed the loan on June 29, 1984, *without* financial statements from the appellants, although Centennial's president, Charles Senning, stressed the importance of having such statements. The record reflects that no other evidence was presented regarding the appellants' assets on June 29, 1984. Therefore, there is no evidence to review which would allow appellants to qualify as a business consumer under the $25 million limitation.

Appellants insist that Centennial had the burden to plead and prove as an affirmative defense the $25 million exception, citing as authority the recent decision, *Challenge Transportation, Inc. v. J-Gem Transportation, Inc.,* 717 S.W.2d 115 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). However, *Challenge* deals only with "consumers" as per section 17.45, subparagraph (4) not "business consumers within the meaning of Section 17.45(4)(10)" as pleaded by appellants. Within the statutory scheme, the term "business consumer" incorporates the term "consumer." Having sought to recover as business consumers, as opposed to mere consumers, appellants were thereby obligated to establish that they fell within the purview of both subparagraphs.

Claimants under the DTPA must plead and prove consumer status as one of the elements of their cause of action. *Farm-ers & Merchants State Bank v. Ferguson,* 617 S.W.2d 918, 920 (Tex.1981); *Hennessey v. Skinner,* 698 S.W.2d 382, 384 (Tex.App. —Houston [14th Dist.] 1985, no writ). Further, a claimant has the burden of establishing the cause of action as pleaded, *see Lone Star Gas Co. v. Martin Linen Supply Co.,* 301 S.W.2d 243, 245 (Tex.Civ.App. —Eastland 1957, no writ); 35 TEX.JUR.3d *Evidence* sec. 101 (1984), including any negative facts essential to the establishment of the cause of action. *Willow Hole Independent School District v. Smith,* 123 S.W.2d 708, 710 (Tex.Civ.App.—Waco 1938, writ ref'd); 35 TEX.JUR.3d *Evidence* sec. 101 (1984); *see Sorrels v. Texas Bank and Trust Co.,* 597 F.2d 997, 1000 n. 8 (5th Cir.1979).

We hold, that absent the required proof of the business consumer status as pleaded, the trial court properly ruled that the case should not have been submitted to the jury and that the instructed verdict was proper. Accordingly, we overrule appellants' first point of error. Because our holding that appellants' required DTPA proof failed is dispositive of the case, it is not necessary that we address appellants' remaining DTPA points of error. TEX.R. APP.P. 90(a). Affirmed.