Donald Keith Eddington v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-318-CR
&
No. 10-98-319-CR


     DONALD KEITH EDDINGTON,
                                                                                   Appellant
     v.

     THE STATE OF TEXAS,
                                                                                   Appellee
 

From the 82nd District Court
Robertson County, Texas
Trial Court Nos. 97-11-16,237-CR & 96-02-15,944-CR
                                                                                                                

MEMORANDUM OPINION 
                                                                                                                

      In trial court cause number 96-02-15,944-CR, Appellant Donald Keith Eddington pleaded
guilty on March 4, 1996 to delivery of cocaine in an amount less than one gram, a state jail felony. 
See Tex. Health & Safety Code Ann. § 481.112(b) (Vernon Supp. 1999). Apparently the
State made no plea recommendation, and the court placed Eddington on community supervision
for a period of two years. The court revoked Eddington’s community supervision on November
24, 1997 after he pleaded true to the allegations of the State’s revocation motion. The court
sentenced him to eighteen months’ confinement in a state jail.
      In trial court cause number 97-11-16,237-CR, Eddington pleaded guilty to an identical charge
on the same date his community supervision was revoked. Pursuant to the State’s plea
recommendation, the court sentenced him to eighteen months’ confinement in a state jail, which
ran concurrently with his revocation sentence.
      After conviction, Eddington filed numerous pro se motions for “shock probation” beginning
in January 1998. See Tex. Code Crim. Proc. Ann. art. 42.12, § 15(f)(2), (3) (Vernon Supp.
1999). The court denied each of these motions. He filed a pro se motion for suspension of further
execution of his sentences on July 9. The court denied this motion on September 15. Eddington
appeals the court’s September 15 order denying his motion for suspension of further execution of
sentence.
      Eddington’s request for suspension of further execution of his sentences was a request for
“shock probation.” See Ex parte Langley, 833 S.W.2d 141, 143 (Tex. Crim. App. 1992); Tex.
Code Crim. Proc. Ann. art. 42.12, § 15(f)(2), (3). An order refusing to grant “shock probation”
is not appealable. Houlihan v. State, 579 S.W.2d 213, 216 (Tex. Crim. App. 1979); Perez v.
State, 938 S.W.2d 761, 762 (Tex. App.—Austin 1997, pet. ref’d). Accordingly, we dismiss these
appeals for want of jurisdiction.
                                                                         PER CURIAM
Before Chief Justice Davis
            Justice Cummings and
            Justice Vance
Appeals dismissed
Opinion delivered and filed December 31, 1998
Do not publish



and the Assistant AG cleared the change with the court
and then gave formal written notice to the court, Evans' counsel and Janet Lesley, an employee
of the State Employees Workers' Compensation Division, that the trial date had been changed to
April 22. In his affidavit attached to the Motion for New Trial, the Assistant AG admits that he
inadvertently failed to note the April 22 trial date on his calendar. That Assistant AG changed
employment and his replacement was not aware of the April 22 trial setting.
      On April 22, Evans appeared for trial and, when the State failed to appear, waived her request
for a jury trial. After hearing the evidence presented by Evans, the trial court found Evans to be
totally and permanently incapacitated and awarded her lump-sum compensation benefits of
$92,218.80 After the new Assistant AG received a copy of the judgment on April 24, the State
timely filed a Motion to Set Aside Default Judgment and Motion for New Trial. Following a
hearing where the State did not present any evidence, the court denied the State's motions. We
will affirm.
Motion for New Trial
      In point one, the State asserts that the trial court erred in denying its motion for new trial
because it was entitled to a new trial as a matter of law. The trial court's ruling on a motion for
new trial will not be disturbed on appeal unless the appellant shows an abuse of discretion. 
Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984). In 1985, this court held that where the
record does not contain findings of fact or conclusions of law to indicate how the court reached
its decision, that the judgment must be upheld on any legal theory that finds support in the
evidence. Royal Zenith v. Martinez, 695 S.W.2d 327, 328 (Tex.App.—Waco 1985, no writ);
Strackbein, 671 S.W.2d at 38; Lassiter v. Bliss, 559 S.W.2d 353, 358 (Tex. 1977). 
      In Craddock, the Texas Supreme Court set out the following three-part test for determining
when a default judgment should be set aside:
A default judgment should be set aside and a new trial ordered in any case in which [1]
the failure of the defendant to answer before judgment was not intentional, or the result
of conscious indifference on his part, but was due to a mistake or an accident; [2]
provided the motion for a new trial sets up a meritorious defense and [3] is filed at a time
when the granting thereof will occasion no delay or otherwise work an injury to the
plaintiff.

Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939). Here, there
are no findings of fact or conclusions of law, and the State offered no evidence at the hearing on
the motion for new trial. The two affidavits attached to the State's unsworn motion for new trial
were never offered or admitted into evidence. On the other hand, Evans' controverted the State's
motion for new trial and introduced evidence in the form of affidavits and witness testimony. We
find that the court did not abuse its discretion in denying the motion for new trial because the State
did not meet its burden on any of the Craddock tests when it failed to offer any evidence. See
Carey Crutcher, Inc. v. Mid-Coast Diesel Services, Inc., 725 S.W.2d 500, 502 (Tex.
App.—Corpus Christi 1987, no writ), where the court held:
The record reveals that the judge denied the motion because of a lack of evidence of a
meritorious defense. The motion, to be granted, must be supported by affidavits or other
evidence proving prima facie that the defendant has a meritorious defense. Perez, 658
S.W.2d at 343. Appellant attached affidavits to its motion, but did not offer them into
evidence. Therefore, they could not be considered. See Howell Petroleum Corp. v.
Kramer, 647 S.W.2d 723, 725 (Tex. App.—Corpus Christi 1983, no writ); Wilson v.
Williamson, 586 S.W.2d 148, 150 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).

725 S.W.2d at 502.
      The State also complains that proper credit was not given in the judgment for benefits paid
by the State. Any harm has been cured by Evans' voluntary remittitur of the $748 discrepancy. 
Point one is overruled.
      Because we have found the court did not abuse its discretion in denying the State's motion for
a new trial, the State's second point that Evans' failed to comply with Tex. Civ. Prac. & Rem.
Code Ann. §39.001 (Vernon Supp. 1992) is moot. 
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                     Justice
Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed July 22, 1992
Publish