# NO. 12-19-00266-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WAYNE GREUNKE,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *BEAL BANK, SSB,* *APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Wayne Greunke appeals the trial court's judgment in favor of Beal Bank, SSB in this forcible detainer action. Greunke raises five issues asserting the trial court erred in rendering judgment in favor of Beal because pre-suit demand for possession was insufficient, Beal's pleading was invalid, and Beal offered no evidence of its superior right to possession, its standing to rely on the Deed of Trust, or Greunke's continued possession of the property. We reverse and remand.

## BACKGROUND

In 1998, Greunke and Herbert Greunke, as joint tenants, obtained a loan to purchase property located in Van Zandt County. Herbert Greunke later died, and Greunke defaulted on the note. In 2016, Beal obtained a court order allowing it to proceed with foreclosure of the property. In 2017, Beal purportedly purchased the property at the foreclosure sale. Beal demanded possession, and after Greunke's refusal to vacate, Beal filed its petition for forcible detainer in Justice Court. That court rendered a default judgment against Greunke, ordering that Beal is entitled to possession of the property and Greunke is a tenant at sufferance. Greunke appealed the case to the County Court at Law which, after a short hearing, found in favor of Beal. That judgment also ordered that Beal is entitled to possession of the property and that Greunke is a tenant at sufferance. This appeal followed.

1

## VALIDITY OF PETITION

In his second issue, Greunke asserts the petition is not valid and contains jurisdictional defects. Citing Property Code Section 51.002, he argues that Beal never demonstrated standing to claim title to the real property or that it had evidence of authority to make pre-suit demand for possession. Section 51.002 addresses the required notice of a foreclosure sale to be provided to the debtor prior to the sale. *See* TEX. PROP. CODE ANN. § 51.002 (West Supp. 2019). Justice courts and county courts are expressly deprived of jurisdiction to determine or adjudicate title to land. TEX. GOV'T CODE ANN. §§ 26.043(8), 27.031(b)(4) (West 2019 & Supp. 2019); TEX. R. CIV. P. 510.3(e). Thus, whether the sale of property under a deed of trust is invalid may not be determined in a forcible detainer action and must be brought in a separate suit. *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.). Because this is a forcible detainer case, neither title nor the validity of the foreclosure sale, is at issue in this case.

Greunke also contends that the petition is not valid because it is not "sworn to by the plaintiff" as required by Rule 510.3(a). A plaintiff can be an entity. TEX. R. CIV. P. 500.2(s), (u). Corporations and other business entities generally may appear in court only through licensed counsel. *Norvelle v. PNC Mortg.*, 472 S.W.3d 444, 447 (Tex. App.−Fort Worth 2015, no pet.). To interpret Rule 510.3(a) as requiring the bank to physically sign a petition would be an absurd and nonsensical interpretation. *Id*. at 449. The rule states that the petition must be sworn by the plaintiff, but it does not preclude an attorney from verifying an eviction petition filed on behalf of a corporate client. *Lenz v. Bank of Am., N.A.*, 510 S.W.3d 667, 670 (Tex. App.−San Antonio 2016, pet. denied). Beal's petition included a verification sworn to by Beal's attorney, swearing that the facts contained in the petition are within his personal knowledge and are true and correct. We overrule Greunke's second issue.

## RIGHT TO POSSESSION

In his third issue, Greunke asserts there is no evidence of Beal's superior right to possession of the property. He specifically complains of the fact that the substitute trustee's deed provided by Beal is incomplete and inadequate on its face.

**Applicable Law**

The sole issue in a forcible detainer action is which party has the right to immediate possession of the property. TEX. R. CIV. P. 510.3(e); *Morris v. Am. Home Mortg. Servicing, Inc.*,

360 S.W.3d 32, 34 (Tex. App.−Houston [1st Dist.] 2011, no pet.). A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person is a tenant at will or by sufferance. TEX. PROP. CODE ANN. § 24.002(a)(2) (West 2014). To prevail, the plaintiff is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Morris*, 360 S.W.3d at 34. Where a deed of trust establishes a landlord and tenant-at-sufferance relationship between the purchaser at the foreclosure sale and the previous owners, a basis for possession exists on which the justice or county court could determine the issue of immediate possession without resolving the issue of title to the property. *Black v. Wash. Mut. Bank*, 318 S.W.3d 414, 418 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.). Thus, the plaintiff meets its burden by establishing that (1) it has a landlord-tenant relationship with the borrower, (2) it purchased the property at foreclosure, (3) it gave proper notice to the occupants of the property to vacate, and (4) the occupants refused to vacate the premises. *Trimble v. Fed. Nat'l Mortg. Ass'n*, 516 S.W.3d 24, 29 (Tex. App.−Houston [1st Dist.] 2016, pet. denied). The court may determine the issue of immediate possession even if the possessor questions the validity of a foreclosure sale and the quality of the buyer's title. *Wells Fargo Bank, N.A. v. Ezell*, 410 S.W.3d 919, 921 (Tex. App.—El Paso 2013, no pet.).

**Analysis**

Beal filed its petition and attached the supporting documents relied on to prove its case. Its Exhibit B is identified as the "Foreclosure Sale Deed." However, pages one and two are missing. Page three is a sworn statement signed by the substitute trustee that he sold the property to "Buyer." Page four is a sworn affidavit signed by Tracey Midkiff, whose identity or title was not indicated, stating that all notices had been provided to Greunke. Also included in Exhibit B is a copy of the two-page Home Equity Foreclosure Order granting Beal the right to foreclose on the property, as well as a legal description of the property.

Beal responds with the argument that:

> Although the first two pages of Exhibit B to Beal's Petition, the Foreclosure Sale Deed, were mistakenly left off of the exhibit, the recorded deed was referenced and incorporated therein, which is sufficient to establish that Beal purchased the property at the foreclosure sale and has standing to file the pleading and to demand possession.

3

Apparently, the "therein" where the deed was referenced and incorporated is Beal's petition. We are directed to page 13 of the record, which is the first page of that document. The petition alleges that Beal acquired the property at a substitute trustee's sale and the substitute trustee executed the deed conveying the property to Beal, "which Deed is of record in the Deed Records of **VAN ZANDT** County, reference to which is made and incorporated herein for all purposes."

The petition is to give fair notice of claims against the defendant. TEX. R. CIV. P. 47(a). Pleading allegations are not evidence. ***CHRISTUS Health Gulf Coast v. Carswell***, 505 S.W.3d 528, 540 (Tex. 2016). Under rule of civil procedure 59, it is permissible to attach exhibits to a pleading and incorporate them therein "in aid and explanation of the allegations in the petition . . . ." TEX. R. CIV. P. 59; *see also* ***Howell Petroleum Corp. v. Kramer***, 647 S.W.2d 723, 725 (Tex. App.–Corpus Christi 1983, no writ). However, they will not be considered as evidence unless they are offered and introduced. ***Kramer***, 647 S.W.2d at 725; *see also* TEX. R. EVID. 902(4), 1005.

Here, the evidence shows that the substitute trustee sold the property. The buyer's identity, however, is presumably disclosed on the missing pages of the Foreclosure Sale Deed. Furthermore, the deed of trust signed by Greunke, which might include language stating that Greunke became a tenant-at-sufferance following foreclosure, is not in evidence. In the absence of proof of this provision and that Beal was the purchaser at the foreclosure sale, Beal has not met its burden to prove a landlord and tenant-at-sufferance relationship between Beal and Greunke. ***Trimble***, 516 S.W.3d at 29. Accordingly, Beal has not shown it has the right to immediate possession of the property at issue. *Id*. We sustain Greunke's third issue. Because this issue is dispositive, we need not address Greunke's remaining issues. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Because Beal did not meet its burden to prove a superior right to immediate possession of the property, we *reverse* the trial court's judgment and *remand* the cause for further proceedings.

**BRIAN HOYLE**
Justice

Opinion delivered May 6, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 6, 2020**

**NO. 12-19-00266-CV**

**WAYNE GREUNKE,**
Appellant
V.
**BEAL BANK, SSB,**
Appellee

Appeal from the County Court at Law

of Van Zandt County, Texas (Tr.Ct.No. CV06009)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the judgment of the court below.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **reversed** and the cause **remanded** to the trial court for further proceedings. It is FURTHER ORDERED that all costs of this appeal are hereby adjudged against Appellee, **BEAL BANK, SSB**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*