**Raul PEREZ d/b/a A-1 Plumbing Co., Appellant,**

v.

**COLUMBIA CIVIC CENTER, INC., Appellee.**

No. 13-82-181-CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 22, 1983.

F. Edward Barker, Corpus Christi, for appellant.

Michael B. Sheehan, Corpus Christi, for appellee.

Before BISSETT, UTTER and GONZALEZ, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from a judgment by default rendered in a Deceptive Trade Practices Act case. We affirm.

On February 1, 1982, appellee filed suit against appellant alleging a breach of a written contract. Appellant was served on February 6, 1982, and he did not file an answer in the time prescribed by law. On March 1, 1982, the court rendered judgment against appellant wherein the court recites that although duly cited and given notice to appear, appellant failed to appear but wholly made default, and that after examining the pleadings and hearing the evidence it found that the facts in plaintiff's petition were true and correct. The judgment recites that:

Plaintiff is a consumer as defined in the D.T.P.A.;

He has been adversely affected by the unlawful acts and practices engaged in by the defendant;

The defendant is engaged in trade and commerce as that term is defined in the D.T.P.A.;

Plaintiff and defendant entered into a contractual agreement whereby defendant was to perform certain plumbing services on plaintiff's premises;

Defendant refused to complete the services without payment of an additional sum of money above the contract amount; that the services performed by the defendant were inadequate;

The goods installed by the defendant were not properly installed;

That, thereafter, the plaintiff was required to pay $21,700.00 for removal of the goods installed by the defendant and they were reinstalled in a proper manner;

Defendant wrongfully filed a mechanic's and materialman's lien affidavit and claim against the property; and

That each of the above actions was a violation of the D.T.P.A.

The court further found that, on November 5, 1981, plaintiff made demand by certified mail, return receipt requested, for its damages in the amount of $18,075.00 plus attorney's fees and that, as a result thereof, plaintiff was entitled to his actual damages in said amount as well as two times that portion of the actual damages that did not exceed $1,000.00; and since the defendant's acts were committed knowingly, plaintiff was further entitled to three times the amount of damages in excess of $1,000.00. Based on the above, the court decreed a $54,225.00 judgment for plaintiff against defendant plus $600.00 attorney's fees and also ordered that the cloud in the form of the mechanic's and materialman's lien be removed.[1]

Appellant did not file a motion for new trial, nor did he request findings of fact and conclusions of law. He did properly perfect this appeal by petition for writ of error. In his petition, appellant alleges by affidavit that he was misled by appellee's counsel

---

1. We note that under the provisions of Tex. Bus. & Com.Code Ann. § 17.50(b)(1) (Vernon Supp.1983) the damages were improperly calculated. The correct calculation should have been as follows:

| | |
|---|---|
| "Actual Damages" | $18,075.00 |
| "Two times that portion of the actual damages that does not exceed $1,000.00" | $ 2,000.00 |
| "Three times the amount of actual damages in excess of $1,000.00" | $17,075.00 |
| | x 3 |
| | $51,225.00 |
| Total | $71,300.00 |

However, no error having been assigned to the trial courts calculations, we will not disturb the judgment.

into not filing an answer by the due date. He also challenges the legal and factual sufficiency of the evidence to support the judgment.

 The requirements to set aside a default judgment were established by our Supreme Court in *Craddock v. Sunshine Bus Lines, Inc.,* 133 S.W.2d 124 (Tex.1939). A defendant must establish all four of the following requirements:

1. That the failure to answer was neither intentional nor the result of conscious indifference,

2. That the failure to answer was due to a mistake or an accident,

3. That the defendant has a meritorious defense, and

4. That the defendant's motion was filed at a time when the granting thereof would occasion no delay or otherwise work an injury to plaintiff.

Appellee asserts that appellant failed to set up a meritorious defense and we agree.

■ A meritorious defense is one that, if proved, would cause a different result upon a retrial of the case. *Holliday v. Holliday,* 72 Tex. 581, 10 S.W. 690, 692 (1889); *Farley v. Clark Equipment Co.,* 484 S.W.2d 142 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.). As the Supreme Court said in *Ivy v. Carrell,* 407 S.W.2d 212, 214 (Tex.1966):

> We note again the specific language of *Craddock* that a new trial should be granted to a defaulting defendant if his motion "*sets up* a meritorious defense." This does not mean that the motion should be granted if it merely *alleges* that the defendant "has a meritorious defense." The motion must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense.

See also *Magana v. Magana,* 576 S.W.2d 131, 133 (Tex.Civ.App.—Corpus Christi 1978, no writ); *Hatton v. Gonzalez,* 541 S.W.2d 197, 199 (Tex.Civ.App.—Corpus Christi 1976, no writ). Since appellant has failed in this respect, we need not consider the other requirements.

The judgment of the trial court is AFFIRMED.