**CAREY CRUTCHER, INC., Appellant,**

v.

**MID–COAST DIESEL SERVICES, INC., Appellee.**

No. 13–86–513–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 19, 1987.

Robert J. Kruckemeyer, Chamberlain, Hrdlicka, White & Johnson, Houston, for appellant.

John Griffin, Jr., Victoria, for appellee.

Before SEERDEN, UTTER and DORSEY, JJ.

OPINION

SEERDEN, Justice.

Appellant contests a default judgment in a suit on sworn account by a sole point of error. We affirm the judgment of the trial court.

■ Appellant contends that the trial court abused its discretion, and claims to have met the requirements for setting aside a default judgment set out in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). A defendant must show 1) that the failure to answer was not intentional or the result of conscious indifference, but was due to mistake or accident; 2) that he has a meritorious defense; and 3) that when the motion was filed, granting it would not cause delay or other injury to the plaintiff. *Cliff v. Huggins*, 724 S.W.2d 778 (Tex.1987); *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984); *Craddock*, 133 S.W.2d at 126; *Perez v. Columbia Civic Center, Inc.*, 658 S.W.2d 341, 343 (Tex.App.—Corpus Christi 1983, no writ).

It is within the discretion of the trial court to decide whether the facts of the case warrant vacation of the default judgment and the granting of a new trial. *Grissom v. Watson*, 704 S.W.2d 325, 326 (Tex.1986); *HST Gathering Co. v. Motor Service, Inc.*, 683 S.W.2d 743, 745 (Tex. App.—Corpus Christi 1984, no writ). As the record contains no findings of fact or conclusions of law, we must affirm the trial court's judgment if it can be upheld on any legal theory that finds support in the evidence. *Strackbein*, 671 S.W.2d at 38; *Seaman v. Seaman*, 425 S.W.2d 339, 341 (Tex. 1968); *HST Gathering Co.*, 683 S.W.2d at 744–45.

The parties agree that Carey Crutcher, Inc. (Crutcher) was served with a copy of the Plaintiff's Original Petition on July 2, 1986, and failed to answer. Mid-Coast Diesel Services, Inc. (Mid-Coast) obtained an Interlocutory Default Judgment against Crutcher on July 28, 1986, and had its cause against Crutcher severed from the suit on July 31, 1986, at which time the judgment became final. On August 22, 1986, Crutcher moved to set aside the judgment and to obtain a new trial. The judge heard the motion on September 18, 1986, and denied it.

Appellant argues that the failure to answer was not intentional or the result of conscious indifference but was due to an accident or mistake. It was his burden at trial to negate the existence of conscious indifference. *First National Bank v. Peterson*, 709 S.W.2d 276, 278 (Tex.App.— Houston [14th Dist.] 1986, writ ref'd n.r.e.). When a party relies on its agent or representative to file an answer, it must show that failure to answer was not intentional or the result of conscious indifference of either the party or his representative. *Cornerstone Alternatives, Inc. v. Patterson Oldsmobile-GMC-Toyota, Inc.*, 696 S.W.2d 702, 703 (Tex.App.—Fort Worth 1985, no writ); *see also Grissom*, 704 S.W.2d at 327; *Conrad v. Orellana*, 661 S.W.2d 309, 313 (Tex.App.—Corpus Christi 1983, no writ).

The testimony at the hearing on the motion would support a finding that Crutcher's attorney made a conscious decision not to file an answer. The attorney testified that he received the petition on July 24 or 25, but that he did not read it the day he received it. He also testified that Crutcher Equipment Corporation was in bankruptcy and that he mistakenly believed the action was covered by an automatic stay. On cross-examination, he stated that Crutcher Equipment Corporation and Carey Crutcher, Incorporated are two separate entities, that Carey Crutcher, Incorporated was not in bankruptcy, and that he did not file a Suggestion of Bankruptcy.

Crutcher argues that, through a mistaken belief about the law, his attorney did not believe an answer was necessary, and therefore deliberately did not file one. This is not the type of mistake that negates conscious indifference. *See Cornerstone Alternatives, Inc.*, 696 S.W.2d at 703. In fact, the testimony supports the conclusion that the attorney made a conscious decision not to file an answer.

The record reveals that the judge denied the motion because of a lack of evidence of a meritorious defense. The motion, to be granted, must be supported by affidavits or other evidence proving prima facie that the defendant has a meritorious defense. *Perez*, 658 S.W.2d at 343. Appellant attached affidavits to its motion, but did not offer them into evidence. Therefore, they could not be considered. *See Howell Petroleum Corp. v. Kramer*, 647 S.W.2d 723, 725 (Tex.App.—Corpus Christi 1983, no writ); *Wilson v. Williamson*, 586 S.W.2d 148, 150 (Tex.Civ.App.— Houston [1st Dist.] 1979, no writ). We overrule appellant's point of error.

We decline to address appellant's remaining contentions, as they are not necessary to the disposition of the case. Tex.R. App.P. 90.

Mid-Coast, by motion, requests a finding that this appeal was taken for delay and without cause, and requests us to assess a penalty under Tex.R.App.P. 84. We deny that motion.

The judgment of the trial court is AF-FIRMED.