**GUARDSMAN LIFE INSURANCE COMPANY, Appellant,**

v.

**Candace Ann ANDRADE and Randall Charles Dominy, Appellees.**

**No. 01–86–00888–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 24, 1987.

Stephen E. Ulrich, Ulrich & Ulrich, Houston, John Wm. Black, Wiech & Black, Brownsville, for appellant.

Herbert W. Fortson, III, Houston, for appellees.

Before JACK SMITH, LEVY and HOYT, JJ.

**OPINION**

HOYT, Justice.

This is an appeal from a default judgment entered against the appellant, Guardsman Life Insurance Company, in favor of the appellees, Candace Ann Andrade and Randall Charles Dominy.

The record indicates that on April 11, 1983, Percy P. Dominy ("the insured") purchased two $100,000 life insurance policies from Guardsman Life Insurance Company. The insured named his wife, Helen Dominy, as primary beneficiary on one policy, and Ada M. Harrell as primary beneficiary on the other policy. Thereafter, the insured changed the primary beneficiaries on both policies to his children, Candace Ann Andrade and Randall Charles Dominy.

On both applications for life insurance, the insured denied that he had used alcoholic beverages to excess and that he had ever had any disorder of the liver. On May 13, 1984, the insured died. His "Certificate of Death" indicated that the immediate cause of his death was cardiorespiratory arrest and that one significant condition contributing to his death was cirrhosis of the liver. Mr. Dominy's medical records indicated that he had been diagnosed in 1981 with cirrhosis of the liver. Medical records of 1983 indicated continued liver problems and a history of alcohol abuse. On May 19, 1977, prior to his purchase of the insurance policies in question, the following hospital report was prepared on the insured:

HISTORY OF PRESENT ILLNESS: The patient is a forty-seven year old white male who was admitted after an automobile accident on the night of admission.... During the initial evaluation in the emergency room [,] it was immediately apparent that the patient had been drinking with a marked alcohol odor. He was mildly stuporous but able to answer most questions adequately....

\* \* \* \* \* \*

The patient admits to drinking. Quantities were grossly exaggerated, however, it is assumed that the patient has been drinking very heavily for a long period of time. He denies significant alcoholic complications such as marked edema in his abdomen or his legs....

After the demise of the insured, the appellees filed a claim with the appellant, who rejected it on the basis that the insured had failed to disclose his medical condition on his application. Thereafter, the appellees commenced this law suit.

Prior to the appellees instituting this cause of action, Ada Harrell, a previous primary beneficiary on one of the policies, sued the appellant in Cameron County. The appellant timely filed an answer. Service on the appellant, in this cause, was had by serving the Commissioner of Insurance. The appellant failed to answer, and the appellees moved for and obtained a default judgment in the amount of $200,000 on the policies, statutory penalty, prejudgment interest, attorney's fee, post-judgment interest, and court costs.

Twenty days after the judgment was entered in the instant case, the appellant filed a motion for new trial and attached an affidavit admitting that the appellant was served with process, but claiming that counsel for the appellant had mistakenly assumed that the papers pertained to the suit already pending in Cameron County.

During the hearing on the motion for new trial, the appellant admitted being negligent, but stated that the negligence .. was a result of mistake and accident and not due to conscious indifference. It also claimed that it had a meritorious defense based on the insured's alleged misrepresen-

tation on his applications. Finally, the appellant asserted its willingness to compensate the appellees for the time spent in securing the entry of default judgment.

In its sole point of error, the appellant contends that the trial court erred in denying its motion for new trial in that "there was evidence that the default was not intentional or the result of conscious indifference, ... [and that it] had a meritorious defense to [a]ppellees' claims."

The guidelines for review of a motion for new trial are stated in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 393 133 S.W.2d 124, 126 (1939). *Craddock* instructs that:

A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

This rule was restated recently in *Angelo v. Champion Restaurant Equipment Co.*, 713 S.W.2d 96, 98 (Tex.1986).

We conclude from the record that there is no evidence that the appellant's negligence in failing to file an answer to this suit was due to conscious indifference. The appellant admitted that counsel was negligent in failing to discern that a new lawsuit had been filed. In our opinion, for the appellant's negligence to rise to the level of conscious indifference, it must be shown that the appellant was clearly aware of the situation and acted contrary to what such awareness dictated. On this point, we must look to the appellant's affirmative evidence tendered, as opposed to evidence contradicting it. *Cragin v. Henderson County Oil Dev. Co.*, 280 S.W. 554, 555 (Tex.Comm'n App.1926, holding approved). The appellant's evidence shows that at the time of receipt of the papers, counsel

thought that the papers were associated with the pending Cameron County case.

We also conclude from the evidence that the appellant has set forth a meritorious defense. The rule does not require *proof* of a meritorious defense in the accepted sense to entitle one to a judgment, but the motion should be granted if it factually *sets up* a meritorious defense. *Ivy v. Carrell,* 407 S.W.2d 212, 214 (Tex.1966). Facts must be alleged that, in law, would constitute a defense to the cause of action asserted, supported by affidavits or other evidence proving prima facie that the defendant has a meritorious defense. *Id.* The appellant asserts that relevant information that would affect the issuance of the two insurance policies was withheld. The record in this case affirms that assertion.

Finally, we address the third element of *Craddock,* that the motion be "filed at a time when the granting will occasion no delay or otherwise work an injury to the plaintiff." In this regard, the courts have looked favorably upon a defendant's readiness, willingness, and ability to go to trial almost immediately. *See Nava v. Nationwide Fin. Corp.,* 601 S.W.2d 478, 483 (Tex. Civ.App.—San Antonio 1980, writ ref'd n.r. e.). Although these may be important factors for the court to look to in determining whether it should grant a new trial, they should not be the *sine qua non* of granting the motion. *United Beef Producers, Inc. v. Lookingbill,* 532 S.W.2d 958, 959 (Tex.1976). Involved is an equitable principle, and the courts should review the evidence on a case-by-case basis in order to do equity. *Angelo,* 713 S.W.2d at 98. The goal to be achieved is to not injure the plaintiff or unduly delay him by granting the motion. *Craddock,* 133 S.W.2d at 126.

In the case before us, we are unable to discern any undue delay that would be visited upon the appellees. In this regard, we do not view the delay occasioned by the consolidation of this case with the Cameron County case as constituting undue delay. We note that after being informed of the appellant's intent not to pay the face value of the policies, the appellees waited 20 months to commence this cause of action.

Moreover, we conclude that the resolution of both contested claims for the insurance proceeds is an important equitable objective.

Considering the above facts, we conclude that the granting of the appellant's motion 20 days after the judgment was entered would not have occasioned undue delay in light of the age of the dispute and the short period that it has been pending. Furthermore, the appellant stated both at the trial court and in its brief that it was willing to reimburse the appellees for their cost in securing the default judgment. Under the facts of this case, we hold that the appellant satisfied the requirements of *Craddock,* bearing in mind that there is no evidence that the appellees will suffer injury if a new trial is granted. *See Huddleston v. Speegle,* 557 S.W.2d 178 (Tex.Civ. App.—Waco 1977, writ ref'd n.r.e.).

We sustain the appellant's sole point of error.

The judgment of the trial court is reversed, and the cause is remanded.