Mark Edward JACKSON, et al., Appellants,

v.

Adelina MARES, Appellee.

No. 13–89–420–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 13, 1990.

Rehearing Overruled Jan. 10, 1991.

Roger W. Hughes, Leo C. Salzman, Adams & Graham, Harlingen, for appellants.

Frank J. Enriquez, Ortiz, Garcia, Gonzalez & Enriquez, McAllen, Juan E. Gonzalez, Law Offices of Juan E. Gonzalez, Edinburg, for appellee.

Before NYE, C.J., and KEYS and SEERDEN, JJ.

### OPINION

KEYS, Justice.

Mark Edward Jackson and Bullard Sheet Metal and Roofing Company (Bullard) appeal from a default judgment rendered against them and in favor of Adelina Mares for $200,000 for physical injuries resulting from an automobile accident. At the time of the accident, Mark Edward Jackson was acting as the employee of Bullard, a family business being operated as a partnership between Mark and his brother, Marvin Jackson. Appellants raise nine points of error. We reverse and remand for a new trial.

■ By their first four points of error, appellants complain that the trial court abused its discretion and erred in overruling their motion for new trial. A motion for new trial is addressed to the sound discretion of the trial judge, whose ruling will not be disturbed on appeal in the absence of a showing of an abuse of that discretion. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex.1984).

■ A default judgment should be set aside if appellants establish: (1) that the failure to answer was neither intentional nor the result of conscious indifference, (2) that the failure to answer was due to mistake or an accident, (3) that the defendant has a meritorious defense, and (4) that the defendant's motion was filed at a time when the granting thereof would occasion no delay or otherwise work an injury to plaintiff. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (Comm'n App.1939, opinion adopted); *see also Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex.1966).

Appellee filed her Original Petition on May 16, 1989, and appellants were served on May 26, 1989, by delivery of citations to Mark Edward Jackson. On June 22, 1989, appellee took a default judgment against appellants, who on June 26, 1989, filed a Motion for New Trial, alleging the elements set out by *Craddock*.

Mark Edward Jackson testified at the new trial hearing that he received the citations on May 26, 1989, and entrusted them to his brother, Marvin Jackson. Marvin testified that on June 12, 1989, he attempted to deliver these citations to Brinkley Oxford, an attorney who was currently representing the Jacksons in another, unrelated matter. Although Oxford was not in his office at the time Marvin delivered the citations, his receptionist received them for Oxford and put them with his mail.

Oxford stated by affidavit and testified at the hearing that, when he saw the documents in his mail that day, he did not recognize them as citations, but assumed that they were documents related to the other matter in which he represented appellants, and he filed them accordingly. Oxford's firm had a policy of not accepting documents without an attorney's permission, but Oxford had left instructions at that time for the staff to accept papers

from Marvin in connection with the other matter. Later, when Oxford happened to be at the courthouse on other matters on June 22, 1989, he learned that the present default judgment had just been taken, and he then realized that the documents left at his office by Marvin were citations. However, Oxford's testimony was controverted by appellee's lawyer, Juan E. Gonzalez, who testified that Oxford had approached him immediately after the default judgment was taken, and told Gonzalez that he had "forgotten" about the citations left on his desk. The trial court denied the motion for new trial, concluding that appellants' failure to answer was the result of conscious indifference.

■ By their second point of error appellants complain that they conclusively proved that their failure to file an answer was due to accident or mistake and was not intentional or the result of conscious indifference. Some excuse, but not necessarily a good excuse, is enough to warrant setting aside a default judgment, so long as the act or omission causing the defendant's failure to answer was, in fact, accidental. *Craddock*, 133 S.W.2d at 125; *Ferguson & Co. v. Roll*, 776 S.W.2d 692, 695 (Tex.App. —Dallas 1989, no writ). Where the factual allegations in a movant's affidavits are not controverted, it is sufficient that the motion and affidavit set forth facts which, if true, would negate intentional or consciously indifferent conduct. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38–39 (Tex.1984); *Dupnik v. Aransas County Navigation District No. 1*, 732 S.W.2d 780 (Tex.App.— Corpus Christi 1987, no writ).

■ However, where the non-movant presents evidence at the new trial hearing tending to show intentional or consciously indifferent conduct, it becomes a question for the trial court to determine. *See Ivy*, 407 S.W.2d at 214; *Averitt v. Bruton Paint & Floor Co.*, 773 S.W.2d 574, 576 (Tex.App.—Dallas 1989, no writ); *Reedy Co. v. Garnsey*, 608 S.W.2d 755, 757 (Tex. Civ.App.—Dallas 1980, writ ref'd n.r.e.); *Dallas Heating Co. v. Pardee*, 561 S.W.2d 16, 20 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.); *Healy v. Wick Building Systems, Inc.*, 560 S.W.2d 713, 721 (Tex.Civ.

App.—Dallas 1977, writ ref'd n.r.e.) (on rehearing); *contra Peoples Savings and Loan Association v. Barber*, 733 S.W.2d 679 (Tex.App.—San Antonio 1987), *writ dism'd by agr.*, 742 S.W.2d 276 (Tex.1987).

■ In the present case, evidence concerning the Jacksons' receipt and delivery of citation to Oxford's office was uncontroverted. It is arguable that the mere delivery of citation to an attorney's office, without any agreement by the attorney to accept the case, would amount to consciously indifferent conduct. *See Brothers Department Store, Inc. v. Berenzweig*, 333 S.W.2d 445 (Tex.Civ.App.—San Antonio 1960, writ ref'd n.r.e.); *Grammar v. Hobby*, 276 S.W.2d 311 (Tex.Civ.App.—San Antonio 1955, writ ref'd n.r.e.). However, where as in the present case the appellants were being represented by the attorney on other matters at the time and had his authorization to deliver documents to the office staff in his absence, it seems reasonable, or at least not consciously indifferent, for the appellants to expect Oxford to review the citation and either file an answer or contact them if he chose to decline to represent them in the present case.

Concerning Oxford's conduct, when a defendant's excuse is his reliance on a third party agent or attorney to file his answer or to notify him of a trial setting, he must similarly prove that the third party's failure was due to accident or mistake and was not intentional or the result of conscious indifference. *Ferguson & Co. v. Roll*, 776 S.W.2d 692, 697 (Tex.App.—Dallas 1989, no writ); *Carey Crutcher, Inc. v. Mid–Coast Diesel Services, Inc.*, 725 S.W.2d 500, 502 (Tex.App.—Corpus Christi 1987, no writ). Oxford's alleged failure to recognize the citations, if uncontradicted, would be sufficient to negate intentional or consciously indifferent conduct. *See Ward v. Nava*, 488 S.W.2d 736, 738 (Tex.1972); *Guardsman Life Insurance Co. v. Andrade*, 745 S.W.2d 404 (Tex.App.—Houston [1st Dist.] 1987, writ denied); *Royal Zenith Corp. v. Martinez*, 695 S.W.2d 327, 329–30 (Tex. App.—Waco 1985, no writ).

However, Gonzalez' testimony that Oxford admitted to forgetting about the citations is inconsistent with Oxford's conten-

tion that he did not recognize the documents in question as citations until after the default judgment was taken. The court, as fact-finder at a hearing on a motion for new trial, has the duty of ascertaining the true facts surrounding the default circumstances, and it is within the court's province to judge the credibility of the witnesses and to determine the weight to be given their testimony. *Royal Zenith Corp. v. Martinez*, 695 S.W.2d 327, 330 (Tex.App.—Waco 1985, no writ); *see also Ryan v. Morgan Spear Associates, Inc.*, 546 S.W.2d 678, 685 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). Nonetheless, we hold that evidence that Oxford may have "forgotten" about the citations does not establish that the failure to answer was intentional or the result of conscious indifference within the meaning of *Craddock* and its progeny. *See Ward v. Nava*, 488 S.W.2d 736, 738 (Tex.1972) (after finding papers, plaintiff *forgot* to take them the next day to his insurance agent, delivering them the following day by which time a default judgment had been entered); *Republic Bankers Life Insurance Co. v. Dixon*, 469 S.W.2d 646, 647 (Tex.Civ.App.—Tyler 1971, no writ) (attorney *forgot* to prepare answer when his secretary placed the file with his general files rather than returning it to his desk for immediate action). *See also* Webster's New Twentieth Century Unabridged Dictionary 719–20 (2nd ed. 1980), which defines "forget" as "1. to lose remembrance of; to let go from the memory; to fail to recall; to be unable to remember; 2. to fail to do (what one intended) because of carelessness or thoughtlessness; *to overlook, omit, or neglect unintentionally;* 3. to overlook, omit, or neglect intentionally; as, the successful candidate forgot the wishes of the voters," and which defines "forgetfulness" as "1. the quality of being apt to forget; 2. loss of remembrance or recollection; 3. *neglect; negligence; careless omission; inattention.*" (Emphasis Added). Nor was Oxford required to show that he acted reasonably or that he was free from negligence. *Ferguson & Co. v. Roll*, 776 S.W.2d 692 (Tex.App.—Dallas 1989, no writ); *see also State Farm Life Insurance Co. v. Mosharaf*, 794 S.W.2d 578 (Tex.App.

—Houston [1st Dist.] 1990, writ denied) (holding the controlling factor to be "the absence of a purposeful or bad faith failure to answer ... [and] even a slight excuse will suffice.")

■ By their third point of error appellants complain that they alleged a meritorious defense. A motion for new trial following a default judgment must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such a meritorious defense. Once these requirements are met, allegations of a meritorious defense, if sufficiently specific, must be accepted as true despite the presence of disputed facts. *See Guaranty Bank v. Thompson*, 632 S.W.2d 338, 339 (Tex.1982); *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex.1966); *Perez v. Columbia Civic Center, Inc.*, 658 S.W.2d 341, 343 (Tex.App.—Corpus Christi 1983, no writ); *Dallas Heating Co. v. Pardee*, 561 S.W.2d 16, 20 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.); *Healy v. Wick Building Systems, Inc.*, 560 S.W.2d 713, 721 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.) (on rehearing). A meritorious defense is one that, if proved, would cause a different result upon a retrial of the case, although it need not be a totally opposite result. *Ferguson & Co. v. Roll*, 776 S.W.2d 692, 698 (Tex.App.—Dallas 1989, no writ); *The Moving Co. v. Whitten*, 717 S.W.2d 117, 120 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Perez v. Columbia Civic Center, Inc.*, 658 S.W.2d 341, 343 (Tex.App.—Corpus Christi 1983, no writ).

■ In the present case, appellants' motion for new trial alleged that they have a meritorious defense that the accident was caused in part by Mares' negligence in failing to properly or timely apply the brakes or keep a proper lookout. At the new trial hearing, appellants relied upon Mark Edward Jackson's deposition testimony concerning the accident, that he stopped at the intersection in question, and then crossed when he did not see anyone coming, that Mares was driving fast when she hit him and he did not see her swerve or take any

sort of evasive action, and that he did not hear the screeching of her brakes until just before the impact. Although it denied the motion for new trial, the trial court found that appellants presented prima facie proof of Mares' contributory negligence, and concluded that appellants presented proof of a meritorious defense. We also hold that appellants presented sufficient specific evidence of Mares' negligence to present a meritorious defense.

By their fourth point of error appellants complain that they showed that appellee would not be injured or prejudiced by the granting of a new trial. In order to obtain relief from a default judgment, defendant must have filed its motion for new trial at a time when the granting thereof would occasion no delay or otherwise injure plaintiff. *Craddock*, 133 S.W.2d at 126; *Dallas Heating Co.*, 561 S.W.2d at 21. Specifically, courts of appeals have held that it is often necessary for the defendant to offer to reimburse the plaintiff for the costs involved in obtaining the default judgment, and that the defendant should be ready, willing and able to go to trial almost immediately. *See Angelo v. Champion Restaurant Equipment Co.*, 713 S.W.2d 96, 98 (Tex.1986); *Ferguson & Co. v. Roll*, 776 S.W.2d 692, 699 (Tex.App.—Dallas 1989, no writ); *HST Gathering Co. v. Motor Service, Inc.*, 683 S.W.2d 743, 745 (Tex.App.—Corpus Christi 1984, no writ). However, because an equitable principle is involved, the court should deal with the facts on a case-by-case basis in order to do equity. The goal to be achieved is to not injure the plaintiff or *unduly* delay him by granting the motion. *Angelo*, 713 S.W.2d at 98; *Guardsman Life Insurance Co. v. Andrade*, 745 S.W.2d 404, 406 (Tex.App.—Houston [1st Dist.] 1987, writ denied).

■ In the present motion for new trial, appellants alleged that a new trial would neither delay nor prejudice Mares, because they will be ready to try the case when it is set for trial. They further offered to reimburse her for the costs in taking the default judgment. Once the defendant has tendered such prima facie evidence that the granting of a new trial will not delay or otherwise injure the plaintiff, it is then the plaintiff's burden of going forward to prove injury. *Cliff v. Huggins*, 724 S.W.2d 778 (Tex.1987); *Ferguson*, 776 S.W.2d at 699.

In an attempt to show such injury, Mares contends that appellants are on the verge of bankruptcy and that a new trial would deny her present rights equivalent to a secured creditor under the default judgment. At the new trial hearing, attorney Gonzalez testified that, when Oxford approached him after the default hearing, Oxford informed him that appellants were "practically bankrupt." Gonzalez also testified that he had filed an abstract of judgment in this case, securing Mares' present favored position as a judgment creditor. In denying the motion for new trial, the trial court found that appellants have claimed insolvency and may seek protection under the federal bankruptcy laws, and concluded that granting a new trial would thus injure or prejudice Mares.[1] We need not examine the protections afforded judgment creditors under the federal bankruptcy laws, however, because we hold that the possibility of the defendant's bankruptcy is not the sort of delay or injury envisioned by the *Craddock* test.

Whenever a new trial is granted, judgment is delayed and the plaintiff loses the immediate economic benefit of his judgment. The purpose of the final element of the *Craddock* rule, however, is to protect a plaintiff against the sort of *undue* delay or injury which disadvantages him in presenting the merits of his case at a new trial, such as loss of witnesses or other valuable evidence upon retrial. *See Angelo*, 713 S.W.2d at 98. In the present case, Mares alleges no threat to her ability to present her case again at a new trial, to which the appellants have agreed to proceed immediately. It is not, therefore, an undue delay of the trial that threatens Mares, but the possibility of losing an advantage under the present judgment. We do not find that the present possibility of injury alleged is any different than may be experienced in any trial against a party which is or may

1. We find no indication in the record that either appellant has filed for bankruptcy.

become insolvent before judgment, and it does not injure appellee in the manner contemplated by the *Craddock* test. We hold that Mares has failed to show an injury that would negate appellants' prima facie showing of no undue delay or injury. Having found that appellants proved all elements of the *Craddock* test, we sustain their first through fourth points of error.

We do not address appellants' remaining points of error because they are not dispositive. *See* Tex.R.App.P. 90. We REVERSE the judgment of the trial court and REMAND this case for a new trial.