DIRECTOR, STATE EMPLOYEES WORKERS' COMPENSATION DIVISION, Appellant,

v.

**Paulette EVANS, Appellee.**

**No. 10–91–157–CV.**

Court of Appeals of Texas, Waco.

July 22, 1992.

Rehearing Denied Sept. 9, 1992.

Barbara L. Stroud, Asst. Atty. Gen., Austin, for appellant.

Tom L. Ragland, Ragland, Mangrum, Young & Swanton, Waco, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

The director of the State Employees Workers' Compensation Division appeals the denial of his Motion to Set Aside Default Judgment and Motion for New Trial. The trial court rendered judgment by default in favor of Paulette Evans after counsel for the State failed to appear for trial at a setting that had been specially requested by the State. The State then filed a motion to set aside the post-answer default judgment and a motion for new trial. The State contends that, because Evans failed to comply with a statutory notice requirement applicable to default judgments taken against the State[1], the default judgment should be set aside and that, by satisfying the elements of the *Craddock* test, it was entitled to a new trial as a matter of law. We disagree.

### BACKGROUND

The case was set for jury trial on March 25, 1991. About four weeks prior to the trial date, the Assistant Attorney General handling the case requested that the trial date be changed to April 22. Evans' counsel agreed to the change and the Assistant AG cleared the change with the court and then gave formal written notice to the court, Evans' counsel and Janet Lesley, an employee of the State Employees Workers' Compensation Division, that the trial date had been changed to April 22. In his affidavit attached to the Motion for New Trial, the Assistant AG admits that he inadvertently failed to note the April 22 trial date on his calendar. That Assistant AG changed employment and his replacement was not aware of the April 22 trial setting.

On April 22, Evans appeared for trial and, when the State failed to appear, waived her request for a jury trial. After hearing the evidence presented by Evans, the trial court found Evans to be totally and permanently incapacitated and awarded her lump-sum compensation benefits of $92,218.80 After the new Assistant AG received a copy of the judgment on April 24, the State timely filed a Motion to Set Aside Default Judgment and Motion for New Trial. Following a hearing where the State did not present any evidence, the court denied the State's motions. We will affirm.

### MOTION FOR NEW TRIAL

In point one, the State asserts that the trial court erred in denying its motion for new trial because it was entitled to a new trial as a matter of law. The trial court's ruling on a motion for new trial will not be disturbed on appeal unless the appellant shows an abuse of discretion. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex.1984). In 1985, this court held that where the record does not contain findings of fact or conclusions of law to indicate how the court reached its decision, that the judgment must be upheld on any legal theory that finds support in the evidence. *Royal Zenith v. Martinez*, 695 S.W.2d 327, 328 (Tex. App.—Waco 1985, no writ); *Strackbein*, 671 S.W.2d at 38; *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex.1977).

In *Craddock*, the Texas Supreme Court set out the following three-part test for determining when a default judgment should be set aside:

> be mailed to the attorney general at the attorney general's office in Austin, Texas, by United States Postal Service certified mail, return receipt requested, not later than the 10th day before the entry of the default judgment.

---

1. TEX.CIV.PRAC. & REM.CODE ANN. § 39.001 (Vernon Supp.1992) provides:
   Notice of intent to take a default judgment against the state, a state agency, or a party in a civil case for which Chapter 104 authorizes representation by the attorney general shall

A default judgment should be set aside and a new trial ordered in any case in which [1] the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; [2] provided the motion for a new trial sets up a meritorious defense and [3] is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939). Here, there are no findings of fact or conclusions of law, and the State offered no evidence at the hearing on the motion for new trial. The two affidavits attached to the State's unsworn motion for new trial were never offered or admitted into evidence. On the other hand, Evans' controverted the State's motion for new trial and introduced evidence in the form of affidavits and witness testimony. We find that the court did not abuse its discretion in denying the motion for new trial because the State did not meet its burden on any of the *Craddock* tests when it failed to offer any evidence. *See Carey Crutcher, Inc. v. Mid–Coast Diesel Services, Inc.,* 725 S.W.2d 500, 502 (Tex.App.—Corpus Christi 1987, no writ), where the court held:

> The record reveals that the judge denied the motion because of a lack of evidence of a meritorious defense. The motion, to be granted, must be supported by affidavits or other evidence proving prima facie that the defendant has a meritorious defense. *Perez [v. Columbia Civic Center, Inc.],* 658 S.W.2d [341] at 343. Appellant attached affidavits to its motion, but did not offer them into evidence. Therefore, they could not be considered. *See Howell Petroleum Corp. v. Kramer,* 647 S.W.2d 723, 725 (Tex.App.—Corpus Christi 1983, no writ); *Wilson v. Williamson,* 586 S.W.2d 148, 150 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ).

725 S.W.2d at 502.

The State also complains that proper credit was not given in the judgment for benefits paid by the State. Any harm has been cured by Evans' voluntary remittitur of the $748 discrepancy. Point one is overruled.

Because we have found the court did not abuse its discretion in denying the State's motion for a new trial, the State's second point that Evans' failed to comply with TEX.CIV.PRAC. & REM.CODE ANN. § 39.001 (VERNON SUPP. 1992) is moot.

We affirm the judgment.

Affirmed.