

NUMBER 13-09-00074-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

NORIMEX INTERNATIONAL METALS, INC. AND
JOSE RODOLFO ORNELAS BARRAGAN,                    Appellants,

v.

ROLANDO SALINAS AND ERICELDA SALINAS,            Appellees.

## On appeal from 370th District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Benavides
Memorandum Opinion by Justice Rodriguez**

Appellants Norimex International Metals, Inc. and Jose Rodolfo Ornelas Barragan[1]

challenge the post-answer default judgment rendered in favor of appellees Rolando

---

[1]Barragan is the president of Norimex International Metals, Inc.

Salinas and Ericelda Salinas on their claims for breach of contract and specific performance in connection with a real estate transaction. By two issues, appellants contend that: (1) appellees' pleadings and evidence were inadequate to support liability for breach of contract and specific performance as a remedy; and (2) the trial court abused its discretion in denying appellants' motion for new trial because (a) they received no notice of the trial setting and, as a result, their failure to appear was not intentional or the result of conscious indifference, and (b) their defense of fraud was meritorious. We reverse and remand.

## I. BACKGROUND[2]

In late October 2006, appellants entered into a contract with appellees agreeing to purchase appellees' shopping center and liquor store for $800,000. For reasons not entirely clear from the record, the transaction did not close; and on November 21, 2006, appellees sued appellants for breach of contract, seeking specific performance of the contract price, lost profits, lost business opportunity, attorneys' fees, and court costs. Appellants did not answer, and on February 22, 2007, appellees moved for default judgment on their claims. Appellants appeared at the hearing on appellees' motion for default judgment, however, and following the hearing, appellants filed their original answer and counterclaim.

At some point in June 2008, a dispute arose between appellants and their attorney regarding alleged non-payment for services. Appellants' counsel filed a motion to withdraw

---

[2]We note that appellees filed no brief to assist us in the resolution of this case. Accordingly, we decide this appeal based on the brief filed by appellants and the record before us.

in August 2008, which was granted by the trial court after a hearing on September 9, 2008. Appellants were not present at that hearing.

On November 10, 2008, the trial court held trial on appellees' claims. Appellants did not appear at the hearing. After testimony by appellees and their attorney, the trial court entered judgment in favor of appellees. The final judgment noted that appellants answered the lawsuit but failed to appear at trial and that the trial was conducted in appellants' absence. The judgment awarded appellees $800,000 for breach of contract, $200,000 for lost profits, and $200,000 in attorneys' fees, for a total of $1.2 million.[3]

On December 10, 2008, appellants—at this point represented by new counsel—filed a motion for new trial, asking the trial court to vacate the default judgment and order a new trial on appellees' claims. Through the motion and Barragan's attached affidavit, appellants contended that they did not receive notice of the November 10, 2008 hearing and were unaware that their previous counsel had withdrawn. The trial court held a hearing on appellants' motion for new trial on January 20, 2009, at which time it heard testimony from Barragan and appellants' former counsel.

Barragan testified that he was unaware his former counsel had withdrawn from the case. He testified that his former counsel never informed him of the November 10, 2008 trial setting and that he received no other notice of the setting. Barragan stated that the only time he knew he was required to appear before the trial court was in 2007, when he appeared at the hearing on appellees' original motion for default judgment. Barragan also testified that he suffered from heart problems during the pendency of the case and implied by his testimony that communications with counsel were affected by his illness.

---

[3]The judgment also awarded pre- and post-judgment interest.

When questioned by appellees' counsel about his and Norimex's last known address—301 North 23rd Street in McAllen, Texas—on file with the trial court, Barragan answered that the address was no longer accurate and that he and Norimex had a new address in San Juan, Texas. Barragan testified that his former lawyer had visited him at the address in San Juan. Counsel for appellees then introduced a November 24, 2008 print-out of Norimex's website that listed its address as 301 North 23rd Street in McAllen; the exhibit was admitted into evidence without objection.

Appellants' former counsel testified that appellants stopped taking his calls in June 2008 after the payment dispute arose and all communication after that point was through the mail. Counsel stated that he sent all notices to appellants' last known address on file with the court. It is unclear from counsel's testimony what exactly was contained in those notices, and counsel acknowledged that he did not know if these notices were received by appellants. Counsel further testified that he had visited Barragan at a different address than the one to which he mailed the notices.

At the conclusion of the hearing, the trial court informed the parties that he would take the matter under advisement. The trial court never expressly ruled on the motion for new trial, and it was denied by operation of law. This appeal ensued.

## II. MOTION FOR NEW TRIAL AND DEFAULT JUDGMENTS

A trial court has wide discretion in denying a motion for new trial, and we will not disturb its ruling absent an abuse of discretion. *Cliff v. Huggins*, 724 S.W.2d 778, 778 (Tex. 1987); *In re A.P.P.*, 74 S.W.3d 570, 573 (Tex. App.–Corpus Christi 2002, no pet.). However, "'while trial courts have some measure of discretion in the matter[,] . . . it is not an unbridled discretion to decide cases as they might deem proper, without reference to

4

any guiding rule or principle.'" *Cliff*, 724 S.W.2d at 779 (quoting *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939)).

The following is the trial court's guiding rule and principle in determining whether to grant a defaulting party's motion for new trial:

> A default judgment should be set aside and a new trial ordered in any case in which the failure of defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Craddock*, 133 S.W.2d at 126. These requirements for granting a motion to set aside a trial court's default judgment also apply to a post-answer default judgment. *Cliff*, 724 S.W.2d at 779. Moreover, in a post-answer default judgment, where the defaulting party has established the first element—i.e., absence of intent or conscious indifference in failing to appear at trial—by proof that it was not given notice of the default judgment hearing, it need not prove the second and third *Craddock* elements—i.e., a meritorious defense and absence of delay or undue prejudice. *See Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005) (per curiam) (citing *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988); *In re Marriage of Runberg*, 159 S.W.3d 194, 200 (Tex. App.–Amarillo 2005, no pet.); *In re Marriage of Parker*, 20 S.W.3d 812, 817-18 (Tex. App.–Texarkana 2000, no pet.)) (other citations omitted).

If the factual assertions in a defaulting party's motion for new trial and supporting evidence are not controverted, that party satisfies its burden if it sets forth facts that, if true, negate intent or conscious indifference. *See Jackson v. Mares*, 802 S.W.2d 48, 50 (Tex. App.–Corpus Christi 1990, writ denied); *Gotcher v. Barnett*, 757 S.W.2d 398, 401 (Tex.

5

App.–Houston [14th Dist.] 1988, no writ). "However, where the non-movant presents evidence at the new trial hearing tending to show intentional or consciously indifferent conduct, it becomes a question for the trial court to determine." *Jackson*, 802 S.W.2d at 50. To make this determination, the trial court inquires into the acts and knowledge of the defaulting party to determine whether the failure to appear was intentional or consciously indifferent. *See Gotcher*, 757 S.W.2d at 401; *see also Talley v. Talley*, No. 05-02-00753-CV, 2002 WL 31647096, at *2 (Tex. App.–Dallas Nov. 25, 2002, no pet.) (not designated for publication). A conclusion that a failure to appear was intentional must have support in the record and must be correct as a matter of law. *See Gotcher*, 757 S.W.2d at 401-02.

As a matter of law, a post-answer default judgment is valid only if the defaulting party received notice of the trial setting at which judgment was rendered. *In re $475,001.16*, 96 S.W.3d 625, 627 (Tex. App.–Houston [1st Dist.] 2002, no pet.) (holding that once a defendant has made an appearance in a case, it is entitled to notice of the trial setting or other dispositive hearing as a matter of due process); *Matsushita Elec. Corp. of Am. v. McAllen Copy Data, Inc.*, 815 S.W.2d 850, 853 (Tex. App.–Corpus Christi 1991, writ denied) (same). Where the record establishes that a defaulting party had no actual notice of the default judgment hearing, the default judgment cannot be sustained. *Coastal Banc SSB v. Helle*, 48 S.W.3d 796, 801 (Tex. App.–Corpus Christi 2001, pet. denied).

### III. DISCUSSION

By their second issue, appellants argue that the trial court abused its discretion in denying their motion for new trial because they received no notice of the default judgment hearing. We agree.

6

The only evidence we find in the record of possible notice to appellants is their former counsel's vague testimony at the motion for new trial hearing that he mailed all notices to appellants' last known address. Assuming without deciding that the "notices" to which counsel was referring were the November 10, 2008 trial setting and notice of his withdrawal from the case, we nonetheless conclude there is no evidence in the record that appellants had actual notice of the November 10 trial setting. *See Coastal Banc*, 48 S.W.3d at 801; *Matsushita*, 815 S.W.2d at 853 (reversing default judgment where the record did not establish that the defendant had actual notice of the hearing on motion for default judgment). Barragan testified that he never received any notice of counsel's withdrawal or of the November 10 trial setting; he further stated that he had no idea that he was required to appear before the trial court subsequent to his initial appearance at the 2007 hearing on appellees' motion for default judgment. Moreover, counsel testified that there was an almost complete breakdown in communication with appellants after their payment dispute arose in June 2008, and acknowledged that he did not know if appellants actually received his "notices." *See Mathis*, 166 S.W.3d at 745-46 (holding that trial court abused its discretion in failing to set aside default judgment where testimony established that notice was sent but not received).

At the hearing on appellants' motion for new trial, appellees relied primarily on the fact that appellants' former counsel sent notices to appellants' last known address, appearing to contend that appellants' failure to inform the trial court of their change of address is evidence of their intentional failure to appear. *See Jackson*, 802 S.W.2d at 50; *Gotcher*, 757 S.W.2d at 401 (requiring the trial court to inquire into the acts and knowledge of the defaulting party if evidence is presented by the non-movant tending to show intentional or consciously indifferent conduct). Although it is generally true that litigants

7

have a continuing duty to keep the court and parties apprised of their correct and current address, a defaulting party is still entitled to a new trial if there is evidence that its failure to appear did not stem from an intentional or consciously indifferent failure to update its mailing address. *See Ashworth v. Brzoska*, 274 S.W.3d 324, 331-32 (Tex. App.–Houston [14th Dist.] 2008, no pet.). "Conscious indifference" means the failure to take some action which would seem indicated or obvious to a person of reasonable sensibilities under the same circumstances. *In re A.P.P.*, 74 S.W.3d at 573. Conscious indifference means more than mere negligence, and even a slight excuse will suffice to set aside a default judgment. *Gotcher*, 757 S.W.2d at 401-02 (citing *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex. 1966)). In other words, the defaulting party must provide some excuse, but not necessarily a good excuse, for its failure to take the requisite action. *Jackson*, 802 S.W.2d at 50.

Here, there was testimony at trial that appellants had a different address than the address that was on file with the trial court and that their counsel had knowledge of that different address but still sent all notices to the old address. Barragan testified that appellants were unaware that their counsel had withdrawn from the case; as such, appellants could have assumed that everything was still being handled by counsel, including any changes of address. Finally, although the dates of his illness are not clear from the record, Barragan testified that he was having heart problems during the pendency of the case and implied by his testimony that, as a result, communication with counsel was sometimes inconsistent.

Admittedly, as is usually the case, appellants could have made better efforts to communicate with counsel. However, negligent conduct does not rise to the level of conscious indifference, and all that is required for the setting aside of a default judgment is a slight excuse for the party's failure to act. *See Gotcher*, 757 S.W.2d at 401-02. The

8

foregoing, although not necessarily a good excuse, is nonetheless some excuse for appellants' failure to appear at trial. *See Jackson*, 802 S.W.2d at 50.

In sum, the record demonstrates that appellants did not receive notice of the November 10, 2008 trial setting at which the trial court rendered a $1.2 million default judgment in appellees' favor. *See Coastal Banc*, 48 S.W.3d at 801 (providing that the record must establish that a defaulting party received actual notice of the dispositive hearing). Because appellants had no notice of the hearing, their failure to appear was not intentional or the result of conscious indifference, and the default judgment was invalid as a matter of law. *See In re $475,001.16*, 96 S.W.3d at 627. We therefore conclude that the trial court abused its discretion in denying appellants' motion for new trial and failing to set aside the default judgment. *See Cliff*, 724 S.W.2d at 778-79; *Gotcher*, 757 S.W.2d at 401-02 (holding that a trial court's conclusion that a defaulting party's failure to appear is intentional must have support in the record and be correct as a matter of law). Appellants' second issue is sustained.[4]

## IV. CONCLUSION

The trial court's judgment is reversed, and we remand this proceeding for a new trial.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
6th day of May, 2010.

---

[4]In this post-answer default judgment, because appellants have satisfied the first *Craddock* prong by proof that they were not given proper notice of the default judgment hearing, they need not prove the existence of a meritorious defense, and we do not reach their meritorious defense sub-issue. *See Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005) (per curiam); *see also* TEX. R. APP. P. 47.1. Moreover, having determined that the trial court abused its discretion in denying appellants' motion for new trial and failing to set aside the default judgment, we need not reach appellants' first issue regarding the adequacy of appellees' pleadings and evidence. *See* TEX. R. APP. P. 47.1.

9