In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00368-CV**
_____

**PATRICK SULLIVAN, Appellant**

**V.**

**PAULA ELLIOTT, CAROLE ELLIOTT-FUTCHER, AND
ELLIOTT FAMILY HOLDINGS D/B/A ELLIOTT LAND CO., Appellees**

**On Appeal from the County Court at Law
Polk County, Texas
Trial Cause No. CIV22-0361**

**MEMORANDUM OPINION**

Appellant Patrick Sullivan sued Paula Elliott, Carole Elliott-Futcher, and

Elliott Family Holdings d/b/a Elliott Land Co. (collectively, "Appellees") for

fraudulently issuing him a 1099 showing he received income from them. Appellees

filed a Rule 91a Motion to Dismiss, which the trial court granted.[1] Sullivan then filed

---

[1]Rule 91a allows a party to move for dismissal of a cause of action that has no basis in law or in fact. *See* Tex. R. Civ. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from

1

a "Motion to Set Aside Default Judgment and Notice of Hearing" claiming he did not have notice of the hearing on the Rule 91a Motion to Dismiss, which the trial court denied. In one issue, Sullivan argues the trial court erred by denying his Motion for New Trial. For the reasons discussed below, we will affirm the trial court's judgment.

BACKGROUND

Sullivan's "domestic partner," Edward Bolton, worked for Elliott Land Co. and lost his driver's license. Since Bolton did not have a checking account or "way to settle his paycheck," Bolton asked Appellees to temporarily write his paychecks to Sullivan, so he could take them to their bank and cash them until Bolton received his new license in the mail. Sullivan admittedly cashed several checks for Bolton "as a favor" given the loss of his identification but contends that "[c]hecks written to me do not make it my income." In his Petition, Sullivan claimed Appellees "fraudulently extracted his social security number from a mortgage contract and issues [sic] a 1099."

Appellees answered the lawsuit and then filed 91a Motions to Dismiss arguing that Sullivan's claims had no basis in law or fact. Specifically, they point to Sullivan admittedly cashing the checks made out to him.

---

them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.*

2

When he filed his lawsuit, Sullivan consented to being served via email and provided his email address. The record shows that the Rule 91a Motions to Dismiss contained certificates of service showing they were sent to Sullivan. Appellees set their Rule 91a Motions to Dismiss for hearing on August 31, 2022, but the Notices of Hearing did not contain certificates of service. Appellees filed both the Motions to Dismiss and notices of hearing via eFile. Sullivan failed to appear at the hearing, and the trial court asked whether he received notice. Appellees' counsel represented to the trial court that Sullivan received notice, the trial court stated it had read the Rule 91a motions, and the motions were granted. On September 1, 2022, the trial court signed a Final Judgment and dismissed Sullivan's claims against the Appellees with prejudice and awarded attorney's fees to Appellees.

On September 14, 2022, Sullivan filed his "Motion to Set Aside Default Judgment and Notice of Hearing" and requested a new trial. In that Motion, he claimed he had no knowledge that Appellees filed Motions to Dismiss. The Motion to Set Aside contained an Unsworn Declaration signed by Sullivan in which he stated that the facts in the Motion were true and correct and within his personal knowledge. Appellees filed a Response to Plaintiff's Motion for New Trial. In that Response, Appellees argued they served all pleadings and motions in the case to the email address Sullivan provided when he consented to service via email. Appellees also challenged Sullivan's claim that he had not been served with notice of the

3

hearing and asserted they served the Rule 91a Motions to Dismiss and Notices of Hearing on Sullivan via email at the email address he provided. Included with Appellees' Response were exhibits showing that Sullivan consented to service by email, the email address he provided, and emails showing the Rule 91a Motions to Dismiss and Notices of Hearing were sent to Sullivan via his email address. In their Response, Appellees also contended that a hearing on a Rule 91a motion is non-evidentiary and based on the pleadings only. They also argued that Sullivan's Motion was not properly verified as it included no affidavit and was not notarized.

The trial court held a hearing and denied Sullivan's request for a new trial.

## STANDARD OF REVIEW

We review a trial court's decision on a motion for new trial for abuse of discretion. *B. Gregg Price, P.C. v. Series 1–Virage Master LP*, 661 S.W.3d 419, 423 (Tex. 2023) (citation omitted); *Dolgencorp of Tex. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (citation omitted); *Vargas v. Applied Mach. Corp.*, No. 09-15-00049-CV, 2016 WL 423708, at *4 (Tex. App.—Beaumont Feb. 4, 2016, no pet.) (mem. op.). "A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or if it acts without reference to any guiding rules or principles." *Vargas*, 2016 WL 423708, at *4 (citing *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985)). The trial court is the factfinder at a hearing on a motion for new trial, is the sole judge of the witnesses' credibility and weight to give their

4

testimony. *Roman v. Ramirez*, 573 S.W.3d 341, 352 (Tex. App.—El Paso 2019, pet. denied) (citation omitted); *Jackson v. Mares*, 802 S.W.2d 48, 51 (Tex. App.—Corpus Christi 1990, writ denied).

## ANALYSIS

"Rule 91a expressly requires that notice of the date of the hearing, whether oral or by submission, be given to the parties.*" Gaskill v. VHS San Antonio Partners, LLC*, 456 S.W.3d 234, 239 (Tex. App.—San Antonio 2014, pet. denied) (citing Tex. R. Civ. P. 91a.6). To be entitled to a new trial, the movant must first establish their failure to appear was unintentional or the result of conscious indifference, and evidence that the movant did not receive notice of the hearing is sufficient.[2] *See Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005); *see also Varady v. Gyorfi*, No. 09-15-00237-CV, 2016 WL 1468859, at *6 (Tex. App.—Beaumont Apr. 14, 2016, no pet.) (mem. op.) (citing *Liberty Mut. Fire Ins. Co. v. Ybarra*, 751 S.W.2d 615, 618 (Tex. App.—El Paso 1988, no writ)) ("The party seeking a new trial has the burden to prove the lack of intent or lack of conscious indifference."). If the factual allegations in a movant's affidavits are uncontroverted, it is sufficient that

---

[2]We expressly do not decide whether *Craddock* applies to hearings on Rule 91a Motions to Dismiss; however, based on Sullivan's claimed lack of notice, at a minimum, he would have to establish that lack of notice. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939); *see also B. Gregg Price, P.C. v. Series 1–Virage Master LP*, 661 S.W.3d 419, 424 (Tex. 2023) (citation omitted).

5

the motion and affidavit state facts which, if true, would negate intentional or consciously indifferent conduct. *Id.* (citing *Mares*, 802 S.W.2d at 50). "If the nonmovant provides controverting evidence showing conscious indifference by the movant, then the issue becomes a fact question for the trial court to determine." *Id.* (citation omitted).

"A certificate by a party or an attorney of record, or the return of the officer, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service." Tex. R. Civ. P. 21a(e). "The mere denial of receipt is sufficient to rebut the presumption." *Texaco, Inc. v. Phan*, 137 S.W.3d 763, 767 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citation omitted); *see also Hanash v. Walter Antiques, Inc.*, 551 S.W.3d 920, 927–28 (Tex. App.—El Paso 2018, pet. denied). While denial of receipt can rebut the presumption of receipt, the denial is not conclusive and presents a fact issue for the factfinder. *Phan*, 137 S.W.3d at 767.

The certificate of service attached to the Rule 91a Motions to Dismiss created a presumption that the Appellees served the documents and that Sullivan received them. *See* Tex. R. Civ. P. 21a(e); *see also Mathis*, 166 S.W.3d at 745 (explaining that notice properly sent pursuant to Rule 21a creates a presumption it was received). As to the Notices of Hearing, although they do not contain certificates of service, in their Response to Defendant's Motion for New Trial, Appellees included exhibits showing that they sent the Rule 91a Motions to Dismiss and the Notices of Hearing

6

to Sullivan at the email address he provided in his Petition, and he consented to being served documents via email. Given Sullivan's denials rebutting the presumption of receipt, whether he received the documents was a fact issue for the trial court to resolve. *See Hanash*, 551 S.W.3d at 927–28; *Phan*, 137 S.W.3d at 767.

During the hearing, Sullivan also confirmed his email address, which matched the email address where Appellees sent the Rule 91a Motions to Dismiss and Notices of Hearing. Sullivan offered no other excuse for failing to respond to the Rule 91a Motions to Dismiss or to appear at the scheduled hearing other than he did not receive the documents. In his "Motion to Set Aside Default Judgment," Sullivan asked why Appellees' attorney did not file the documents through eFile, yet the record shows that Appellees' counsel did so. Sullivan, however, must register as an eFile user to receive documents through eFile. *See* https://efiletexas.gov/faqs.htm (last visited Aug. 8, 2023) (providing at #3 that pro se litigants may use eFile and providing at #4 that parties must register to use eFileTexas.gov); *see also Rhojo Enters., LLC v. Stevens*, 540 S.W.3d 621, 625 (Tex. App.—Beaumont 2018, no pet.) (noting that parties must register for efiling). Sullivan argues on appeal that "all documents must be filed through e-file and the Plaintiff/Appellant has always been registered." In the trial court, Sullivan did not claim that he had always been registered with eFile. Rather, he argued it was Appellees' responsibility to put his email on service contacts within the eFile system. While the record shows that in his

7

Petition, Sullivan consented to service via email and provided an email address, he provided no evidence that he registered with the electronic filing manager ("EFM") to receive or serve documents via eFile before the August 31 hearing on the Rule 91a Motion to Dismiss.[3] Since Sullivan failed to show he was registered with the EFM when the 91a motions and notices of hearing were served, Appellees' counsel could serve him via email. *See* Tex. R. Civ. P. 21a(a)(1)–(2) (providing acceptable methods of service for parties not on file with the electronic filing manager including email).

Appellees' counsel provided copies of emails as exhibits showing that he served the documents at the email address Sullivan provided with his original Petition. At the hearing, Sullivan testified to his email address, which matched the email address on the exhibits provided by Appellees in their Response to Defendant's Motion for New Trial. *See Mathis*, 166 S.W.3d at 745 (explaining that unsworn factual statements and representations can constitute evidence when the opponent to the testimony waives the oath requirement by failing to object under circumstances that clearly indicated each was tendering evidence on the record based on personal knowledge of contested issues); *Martin v. Jasper Indep. Sch. Dist.*, No.

---

[3]Sullivan claimed that he did not receive any filings until August 12, 2022, which is the first date that his name shows up in the efiling records. He presented no evidence to show that he had registered with EFM prior to that date.

09-17-00195-CV, 2018 WL 2974490, at *3 (Tex. App.—Beaumont June 14, 2018, pet. denied) (mem. op.) (noting same). The trial court questioned Sullivan's credibility and asked Sullivan why he contacted the court repeatedly about the August 31 hearing if he had not received notice of it. The trial court added that multiple court staff spoke with him about the upcoming August 31 hearing. Yet Sullivan continued to deny he received notice.

The trial court was free to disbelieve Sullivan's assertions that he did not receive notice of the August 31 hearing. *See Roman*, 573 S.W.3d at 352; *Mares*, 802 S.W.2d at 50. In the face of controverting evidence, including Appellees' exhibits showing that notices of the hearing and copies of the rule 91a Motions to Dismiss were emailed to the same email address Sullivan provided, the trial court was free to resolve that fact issue against Sullivan. *See Varady*, 2016 WL 1468859, at *6; *Phan*, 137 S.W.3d at 767. The trial court could have reasonably concluded Appellees' counsel sent notice of the hearing on the Motions to Dismiss and that Sullivan received it, thus the trial court did not abuse its discretion by denying Sullivan's request for a new trial. *See B. Gregg Price*, 661 S.W.3d at 423; *Dolgencorp*, 288 S.W.3d at 926; *Vargas*, 2016 WL 423708, at *4. We overrule Sullivan's sole issue on appeal.

CONCLUSION

Having overruled Sullivan's sole issue, we affirm the trial court's judgment.

AFFIRMED.


W. SCOTT GOLEMON
Chief Justice


Submitted on July 5, 2023
Opinion Delivered September 14, 2023

Before Golemon, C.J., Johnson and Wright, JJ.